Argued February 9, affirmed February 15, 1961

## MEHLIG *v.* FARRIER
359 P. 2d 431

*Dean Fitzwater,* Portland, argued the cause for appellant. On the brief were Roscoe E. Watts and Fitzwater & Fitzwater, Portland.

*Donald K. Eva,* Portland, argued the cause for respondent. On the brief were Eva & Schneider and Bartlett Cole, Sr., Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, who is engaged

in the business of wiring houses for electricity, from a decree of the circuit court which ruled that:

> "* * * the plaintiff take nothing by this suit, that the plaintiff's complaint be dismissed, and that defendant have and recover from the plaintiff his costs and * * *."

The suit was based upon averments that the plaintiff furnished materials to the defendant and performed electrical wiring labor for him of the "reasonable value" of $8,220.75 and that of that sum $2,220.75 remains unpaid. The complaint further alleged that the plaintiff filed a claim for a mechanic's lien upon the property where he had performed his services. It prayed for judgment in the sum of $2,220.75 and foreclosure of the lien. The answer denied that the wiring service was furnished upon a quantum merit basis and alleged that it was done pursuant to a contract calling for the payment of $5,550. It averred payment to the plaintiff in the sum of $6,000 of which $450 was in excess of contract price.

Upon the trial the plaintiff testified that he supplied the materials and furnished the labor upon a cost plus basis. His testimony was unaccompanied by any writing in support of that theory of recovery. The defendant testified that the material was supplied and the labor was furnished upon a contract calling for the payment of $5,550. He supported his testimony with a writing bearing the plaintiff's signature.

The testimony which was taken covers 166 typewritten pages. The trial developed no issues of law. It presented the questions (1) did the plaintiff supply the material and furnish the labor upon a cost plus basis as he contended or upon a contract basis as the defendant claimed, and (2) how many, if any, "ex-

tras" did the defendant request, and was their reasonable value approximately $450 as the defendant stood ready to concede? The trial judge, after giving the case careful attention and asking many of the questions that were propounded to the witnesses, resolved those issues for the defendant in a memorandum opinion. We are aware of no reason whatever for departing from his conclusion. We deem it correct. The decree of the circuit court is affirmed. Costs and disbursements will be allowed to the defendant.